**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

HASSAN A. REID,             :
                             :
         Plaintiff,         :       Civ. No. 22-3598 (GC) (JBD)
                             :
      v.                    :
                             :
NEW BRUNSWICK POLICE      :       **OPINION**
DEPARTMENT, et al.,           :
                             :
         Defendants.       :
                             :

**CASTNER, District Judge**

### I.    INTRODUCTION

Plaintiff Hassan A. Reid, ("Plaintiff" or "Reid"), is a state pretrial detainee proceeding *pro se* with a civil complaint. (*See* ECF 1). Previously, this Court granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF 2).

The allegations of the Complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's Complaint shall proceed in part.

### II.    BACKGROUND

The allegations of the Complaint are construed as true for purposes of this screening Opinion. Plaintiff's Complaint arises from the circumstances surrounding and after his arrest on January 25, 2022. Plaintiff names the following four Defendants in the caption of his Complaint:

1. New Brunswick Police Department;

2. Middlesex County Prosecutor's Office;

   3.  Judge Joseph Paone; and

   4.  Judge Philip Borow.

(*See* ECF 1 at 1).   In addition to those named Defendants in the caption, in the body of his Complaint as well as in his section requesting relief, Plaintiff also names numerous members of law enforcement as well as a prosecutor that shall also be added as Defendants to this action.   These individuals are as follows:

   5.  Officer Matthew Colonna;

   6.  Michael Metz;

   7.  Sgt. Feliz Da La Cruz;

   8.  Officer K. Sturmfels;

   9.  Officer S. Freeman;

   10.  Officer M. Shah;

   11.  Sgt. M. Coppola;

   12.  Detective J. Montizello;

   13.  C. Pilkington; and

   14.  Prosecutor Nicollete Spallanzani.

Plaintiff alleges he was driving with his girlfriend in her car to school on January 25, 2022 when "cops and prosecutors" "came out of nowhere" and pulled guns on him for no reason.   (*See id.* at 5).   Colonna pulled Plaintiff out of the car and threw him to the ground.   (*See id.* at 5-6).   Metz and Da La Cruz then searched Plaintiff's girlfriend's car.   (*See id.* at 6).   Sturmfels then pulled a firearm on Plaintiff.   (*See id.*).   Freeman, Shah, Coppola, Montizello and Pilkington then surrounded Plaintiff and pointed their guns at him.   (*See id.*).

Plaintiff next alleges Judge Borow conspired with the officers by commanding them to arrest Plaintiff. (*See id.*). On February 2, 2022, Plaintiff states that Judge Paone improperly gave a search warrant for Plaintiff's girlfriend's car after it had already been illegally searched. (*See id.*).

Finally, Plaintiff alleges Prosecutor Spallanzam used malicious intent to try and get Plaintiff a thirteen-year sentence. (*See id.*).

Plaintiff seeks monetary damages and injunctive relief. (*See id.* at 6-7).

## III.   LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs a court to *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff seeks relief in part under 42 U.S.C. § 1983.  A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.  Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law.  *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

A.  <u>Judge Borow & Judge Paone</u>

Plaintiff first sues Judges Borow and Paone for their judicial actions.  More specifically, Plaintiff's claims against Judge Borow relate to him ordering Plaintiff's arrest and for Judge Paone ordering a subsequent search warrant of Plaintiff's girlfriend's car.  To support his claim, Plaintiff cites to several different federal criminal statutes and 42 U.S.C. §§ 1983, 1985[1] & 1986[2] in seeking relief.

---

[1] Section 1985(3) states as follows:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

[2] Section 1986 states as follows:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in

It is a "well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)) (other citation omitted). Further, "immunity will not be lost merely because the judge's action is 'unfair' or controversial." *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) (citations omitted). There are two ways for judicial immunity to be overcome. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. . . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12. Neither of those exceptions are implicated in this case. Judge Borow's and Judge Paone's actions as alleged were done in their judicial capacity, namely the issuance of warrants. *See, e.g., Johnson v. U.S. Magistrate Susan P. Baxter*, No. 16-59, 2016 WL 6892928, at *7 (W.D. Pa. Aug. 4, 2016) (noting issuance of arrest warrant is a function that judges perform in their judicial capacity) (citations omitted). Both judges are immune from suit for monetary damages.

---

> preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C. § 1986

To the extent that Plaintiff seeks injunctive relief from either or both Judges, such allegations also do not state a claim.  Indeed, in 1996, Congress amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against a judicial official for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (citing 42 U.S.C. § 1983).  Plaintiff's Complaint is devoid of any allegations that would permit him to seek injunctive relief against either of these two judicial Defendants based on the exception outlined above.

Finally, it is worth noting that Plaintiff cannot sue these two judicial Defendants (or any other Defendants) seeking relief under the federal criminal statutes he lists.  *See, e.g.*, *Jackson v. Bolandi*, Civ. No. 18-17484, 2020 WL 255974, at *7 (D.N.J. Jan. 17, 2020) (dismissing § 1983 claim premised on alleged violations of federal criminal statutes); *see also Blessing v. Freestone*, 520 U.S. 329, 340 (1997) ("In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*.") (emphasis in original)).  Thus, Plaintiff's claims against these two judicial Defendants are dismissed without prejudice to the extent that Plaintiff can cure the deficiencies outlined above against these two Defendants.

B.  <u>Middlesex County Prosecutor's Office & Prosecutor Nicollete Spallanzani</u>

Plaintiff next names the Middlesex County Prosecutor's Office and Prosecutor Nicollete Spallanzani as Defendants.  The Court construes such claims against these Defendants as based on Spallanzani's role in pursuing a criminal action against Plaintiff.

A "state prosecuting attorney who acted within the scope of [her] duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *See Imbler v. Pachtman*,

424 U.S. 409, 410 (1976).  In particular, the United States Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding[.]"  *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citations omitted).  Further, a prosecutor's actions "which occur in the course of [her] role as an advocate for the [government], are entitled to the protections of absolute immunity."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

In this case, the two prosecutorial Defendants are entitled to prosecutorial immunity to the extent Plaintiff seeks monetary damages.  Indeed, Plaintiff's main complaint against them relates to the prosecutor acting in her role as an advocate of the state in seeking a particular sentence against Plaintiff for his purported crimes.

Nevertheless, Plaintiff also alludes to seeking some type of unspecified injunctive relief.  The Court will construe Plaintiff's request for injunctive relief as seeking his release from custody and/or enjoining Plaintiff's ongoing state court criminal proceedings.  However, such claims are not proper in this civil complaint.  Indeed, a federal court should abstain from addressing requests for injunctive relief against state court proceedings if the constitutional issues involved may be addressed adequately during the state proceedings.  *See Younger v. Harris,* 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings where only injury to plaintiff was "solely that 'incidental to every criminal proceeding brought lawfully and in good faith'"); *see also Wallace v. Fegan,* 455 F. App'x 137, 140 (3d Cir. 2011) (per curiam) ("the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions") (quoting *Younger,* 401 U.S. at 45).  Furthermore, to the extent Plaintiff is simply seeking his release from custody, he should bring such an action in a petition for writ of habeas corpus, not through this civil rights complaint. *See Miles v. Smith,* No. 21-1356, 2022 WL 1535275, at *2 (3d Cir. May 16, 2022) ("But Miles' request for an order directing his release from

custody must be pursued via a request for a writ of habeas corpus, not in a § 1983 action.").

Therefore, this Court will refrain from addressing Plaintiff's request for injunctive relief against

these two Prosecutorial Defendants because he can pursue his objections to the prosecutor's actions

in his state criminal proceeding and/or seek his release from custody in a petition for writ of habeas

corpus.

C. Claims Against Remaining Defendants

Upon reviewing Plaintiff's allegations against the remaining law enforcement Defendants,

Plaintiff's claims against them associated with their actions incident to Plaintiff's arrest shall be

permitted to proceed at this early screening stage.  This includes the following Defendants:

1.  New Brunswick Police Department;

2.  Officer Matthew Colonna;

3.  Michael Metz;

4.  Sgt. Feliz Da La Cruz;

5.  Officer K. Sturmfels;

6.  Officer S. Freeman;

7.  Officer M. Shah;

8.  Sgt. M. Coppola;

9.  Detective J. Montizello; and

10. C. Pilkington.

**V.     CONCLUSION**

Plaintiff's Complaint shall proceed in part.  Plaintiff's claims against New Brunswick

Police Department, Officer Matthew Colonna, Michael Metz, Sgt. Feliz Da La Cruz, Officer K.

Sturmfels, Officer S. Freeman, Officer M. Shah, Sgt. M. Coppola, Detective J. Montizello, and C.

Pilkington shall proceed.   Plaintiff's claims against Judge Paone and Judge Borow are dismissed without prejudice.   Plaintiff's claims against the Middlesex County Prosecutor's Office and Nicollete Spallanzani are dismissed without prejudice.   An appropriate Order shall be entered.

DATED:  May 31, 2023

GEORGETTE CASTNER
United States District Judge